**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

KEITH MICHAEL CASSELLS,                     No. 2:14-CV-0397-CMK-P

            Plaintiff,

    vs.                                                              <u>ORDER</u>

R. FARGO, et al.,

            Defendants.

_____/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 8) and supplement thereto (Doc. 17).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names the following as defendants: R. Fargo, an inmate appeals analyst; W. Harris, the inmate health care appeals coordinator; and P. Milliner, the prison inmate appeals coordinator.  Plaintiff alleges various improprieties relating to the processing of an inmate grievance he submitted concerning claims of delay in medical care.  Prisoners have no stand-alone due process rights related to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).  Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances.   Numerous district courts in this circuit have reached the same conclusion.  See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983).  Prisoners do, however, retain a First Amendment right to petition the government

1  through the prison grievance process.  See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).

2  Therefore, interference with the grievance process may, in certain circumstances, implicate the

3  First Amendment.

4         In this case, plaintiff has not alleged facts sufficient to state a First Amendment

5  claim based on interference with the grievance process.  Prisoners have a First Amendment right

6  of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430

7  U.S. 817, 821 (1977); Bradley, 64 F.3d at 1279 (9th Cir. 1995) (discussing the right in the

8  context of prison grievance procedures).  This right includes petitioning the government through

9  the prison grievance process.  See id.  Prison officials are required to "assist inmates in the

10  preparation and filing of meaningful legal papers by providing prisoners with adequate law

11  libraries or adequate assistance from persons trained in the law."  Bounds, 430 U.S. at 828.  The

12  right of access to the courts, however, only requires that prisoners have the capability of bringing

13  challenges to sentences or conditions of confinement.  See Lewis, 518 U.S. at 356-57.  Moreover,

14  the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits.

15  See id. at 353 n.3 & 354-55.  Therefore, the right of access to the courts is only a right to present

16  these kinds of claims to the court, and not a right to discover claims or to litigate them effectively

17  once filed.  See id. at 354-55.

18         As a jurisdictional requirement flowing from the standing doctrine, the prisoner

19  must allege an actual injury.  See id. at 349.  "Actual injury" is prejudice with respect to

20  contemplated or existing litigation, such as the inability to meet a filing deadline or present a

21  non-frivolous claim.  See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007).

22  Delays in providing legal materials or assistance which result in prejudice are "not of

23  constitutional significance" if the delay is reasonably related to legitimate penological purposes.

24  Lewis, 518 U.S. at 362.  Because plaintiff has not alleged any actual injury, he cannot proceed on

25  a First Amendment claim arising from interference with the grievance process.

26  / / /

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.

IT IS SO ORDERED.


DATED:  October 30, 2014

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE