IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH MICHAEL CASSELLS, | No. 2:14-CV-0397-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| R. FARGO, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's complaint (Doc. 8) and supplement thereto (Doc. 17) as well as plaintiff's response (Doc. 19) to the court's order to show cause.

The court previously directed plaintiff to show cause why this action should not be dismissed for failure to state a claim. The court stated:

> Plaintiff names the following as defendants: R. Fargo, an inmate appeals analyst; W. Harris, the inmate health care appeals coordinator; and P. Milliner, the prison inmate appeals coordinator. Plaintiff alleges various improprieties relating to the processing of an inmate grievance he submitted concerning claims of delay in medical care.

1

Prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Numerous district courts in this circuit have reached the same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983). Prisoners do, however, retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment.

    In this case, plaintiff has not alleged facts sufficient to state a First Amendment claim based on interference with the grievance process. Prisoners have a First Amendment right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley, 64 F.3d at 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures). This right includes petitioning the government through the prison grievance process. See id. Prison officials are required to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis, 518 U.S. at 356-57. Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits. See id. at 353 n.3 & 354-55. Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed. See id. at 354-55.

    As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007). Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes. Lewis, 518 U.S. at 362. Because plaintiff has not alleged any actual injury, he cannot proceed on a First Amendment claim arising from interference with the grievance process.

In his response to the order to show cause, plaintiff states that he was not allowed to file grievances because defendants threw away his medical appeal "claiming it was never received." Plaintiff suggests that his ability to exhaust the claims raised in this action was chilled. Plaintiff states:

> Both federal and state law require that a state prisoner file an administrative grievance (602) and exhaust it by a Director's Level response prior to any court action, such as a habeas corpus or a civil rights complaint. [¶] This is a Civil Rights complaint.

For plaintiff to show an actual injury he would, at a minimum, have to allege that defendants' alleged interference with the grievance process resulted in his inability to exhaust his claims through that process. Plaintiff has not done so. In fact, the allegations in the complaint indicate the exact opposite. Specifically, plaintiff alleges that he was able to complete the institutional grievance process and thereby exhaust his claims.[1] Because plaintiff has failed to allege any facts showing an actual injury, his complaint does not give rise to a First Amendment claim based on interference with the grievance process.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] Plaintiff appears to allege that his grievance was treated as a staff complaint and/or medical appeal. In certain circumstances, California prison regulations make it impossible for the inmate to pursue a grievance through the entire grievance process. See Brown v. Valoff, 422 F.3d 926, 939 n. 11 (9th Cir. 2005). For example, where a claim contained in an inmate's grievance is characterized by prison officials as a "staff complaint" and processed through a separate confidential process, prison officials lose any authority to act on the subject of the grievance. See id. at 937. Thus, the claim is exhausted when it is characterized as a "staff complaint." See id. at 940.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim; and
2. The Clerk of the Court is directed to enter judgment and close this file.

DATED: February 23, 2016

*/s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE